

# The Attorney General of Texas

December 8, 1977

**JOHN L. HILL**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4814 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Felipe Reyna
District Attorney
3rd Floor, McLennan County
  Courthouse Annex
Waco, Texas 76701

Opinion No. H- 1101

Re: Use of misdemeanor
convict laborers.

Dear Mr. Reyna:

You have requested our opinion concerning the use of convict laborers under articles 43.09 and 43.10 of the Texas Code of Criminal Procedure. You ask whether it would be necessary to establish a county workhouse or county farm in order for a commissioners court to utilize the labor or persons convicted of misdemeanors on public roads, bridges and other projects of the county.

Article 43.09 provides in part:

> When a defendant is convicted of a
> misdemeanor . . . he may . . . be put
> to work in the workhouse, or on the
> county farm, or public improvements
> of the county . . . .

Article 43.10 provides in part:

> 1. Each commissioners court may pro-
> vide for the erection of a workhouse
> and the establishment of a county farm
> in connection therewith for the purpose
> of utilizing the labor of said parties
> so convicted;
>
> . . . .
>
> 5. They shall be put to labor upon
> the public roads, bridges or other
> public works of the county when their
> labor cannot be utilized in the county
> workhouse or county farm.

In Attorney General Opinion O-3260 (1941) this office ruled that it would not be necessary to establish a workhouse or county farm in order to use misdemeanor convict labor upon public improvements. The statutes involved therein were identical in pertinent respects to articles 43.09 and 43.10.

In light of the unchanged language of the statute, the article 43.09 provision that such labor may be used "in the workhouse, or on the county farm, or public improvements of the county," and the language of article 43.10(5), we believe Attorney General Opinion O-3260 (1941) is controlling. (Emphasis added).

You have also asked about the nature of liability of the county to a convict laborer injured while performing such labor. We must decline to answer this question since the issues involved are in litigation. Garcia v. Texas Department of Corrections, No. 31,691-D, District Court of Fort Bend County, 130th Judicial District of Texas, Richmond, Texas 77469. See Attorney General Opinion H-139 (1973).

### S U M M A R Y

It is not necessary to establish a county workhouse or county farm in order to utilize misdemeanor convict labor upon public improvements of the county under articles 43.09 and 43.10 of the Code of Criminal Procedure.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst